**Ajene EDO, Plaintiff–Appellant,**

v.

**GEICO CASUALTY COMPANY, Defendant,**

**and**

**Geico General Insurance Company; Geico Indemnity Company; Government Employees Insurance Company, Subsidiaries of Geico corporation, Defendants–Appellees.**

No. 04–35279.

United States Court of Appeals, Ninth Circuit.

Filed Jan. 9, 2008.

Steve D. Larson, Esq., Scott A. Shorr, Esq., Stoll Stoll Berne Lokting & Schla-

chter, PC, Portland, OR, for Plaintiff–Appellant.

Melony Cargil Perry, Esq., Baker & Mckenzie, Dallas, TX, Thomas A. Gordon, Esq., Russell R. Pike, Gordon & Polscer, L.L.C., Portland, OR, Christopher Van Gundy, Esq., Baker & McKenzie, San Francisco, CA, Jay F. Utley, Esq., Baker & McKenzie, Dallas, TX, for Defendants–Appellees.

Before: STEPHEN REINHARDT, MARSHA S. BERZON, and JAY S. BYBEE, Circuit Judges.

## OPINION

PER CURIAM:

This appeal comes before us on remand from the Supreme Court. *See Safeco Ins. Co. of Am. v. Burr*, —— U.S. ——, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007). The Court affirmed our holding in *Reynolds v. Hartford Financial Services Group, Inc.*, 435 F.3d 1081 (9th Cir.2006), that liability under 15 U.S.C. § 1681n(a) for "willfully fail[ing] to comply" with the Fair Credit Reporting Act (FCRA) includes reckless disregard of statutory duties. *Burr*, 127 S.Ct. at 2208. The Court also agreed with our holding that quoting or charging a first-time premium can be "an increase in any charge for . . . any insurance, existing or applied for." *Id.* at 2210 (quoting 15 U.S.C. § 1681a(k)(1)(B)(i)). In addition, the Court held that notice is required only when consideration of a consumer's credit report is a necessary condition for the increased rate. *Id.* at 2212 (citing 15 U.S.C. § 1681m(a)). Finally, reversing our holding, the Court held that the baseline for determining whether a first-time rate is a disadvantageous increase is the rate the applicant would have received had the company not taken his credit score into account. *Id.* at 2213.

The Court held that GEICO was not liable because "the initial rate offered to Edo was the one he would have received if his credit score had not been taken into account, and GEICO owed him no adverse action notice under § 1681m(a)." *Id.* at 2214. The Court rejected Edo's alternative theory that GEICO's offer of a policy with one subsidiary was an "adverse action" because it amounted to a "denial" of insurance through a lower cost policy with another subsidiary. *Id.* at 2214 n. 17.

Plaintiffs did not raise on appeal any basis for liability other than the theories rejected by the Court. Therefore we affirm the district court's summary judgment.

AFFIRMED.